HATTIE KRAUSE v. TOLEDO URBAN & INTERURBAN RY.

AN INTELLIGENT INTERVENING AGENCY WHICH COULD NOT BE ANTICIPATED MAY RELIEVE OTHERWISE NEGLIGENT CONDUCT.

A railroad company is not liable for an injury sustained by a person falling upon a trolley pole which had been left by servants of the company upon a grass plot near the sidewalk and was subsequently

Krause v. Railway.

carried by children to an adjoining field and then returned to the street, and by a third person thrown upon the sidewalk where the injury complained of was sustained.

[Syllabus approved by the court.]

ERROR to Lucas common pleas court.

O. S. Brumback, for plaintiff in error:

Cited and commented upon the following authorities: Elliott, Roads and Streets Secs. 645, 648; *Nagle* v. *Brown,* 37 Ohio St. 7; *Murphy* v. *Leggett,* 164 N. Y. 121 [58 N. E. Rep. 42]; *Harriman* v. *Railway,* 45 Ohio St. 11 [12 N. E. Rep. 451; 4 Am. St. Rep. 507]; *Lynch* v. *Nurdin,* 1 Q. B. 29; *Clark* v. *Chambers,* 3 Q. B. Div. 327; *Lane* v. *Atlantic Works,* 111 Mass. 136; *Adams* v. *Young,* 44 Ohio St. 80 [4 N. E. Rep. 599; 58 Am. Rep. 789]; *Trent* v. *Railway,* 59 Ill. 349; *Cohen* v. *New York (Mayor),* 113 N. Y. 532 [21 N. E. Rep. 700; 4 L. R. A. 406]; *Sheridan* v. *Railway,* 36 N. Y. 39 [93 Am. Dec. 490]; 21 Am. & Eng. Enc. Law pp. 485, 508, 509; *Dussel* v. *Railway,* 10 Dec. 631 (8 N. P. 622), affirmed *Street Ry.* v. *Dussel,* 52 Ohio St. 649; 1 Sherman & Redfield, Negligence Secs. 28, 29, 36; *Pennsylvania Ry.* v. *Snyder,* 55 Ohio St. 342 [45 N. E. Rep. 559; 60 Am. St. Rep. 700]; *Pennsylvania Ry.* v. *Hope,* 80 Pa. St. 373 [21 Am. Rep. 100]; *Atchison, T. & S. F. Ry.* v. *Calhoun,* 213 U. S. 1 [29 Sup. Ct. Rep. 321]; *Milwaukee & St. P. Ry.* v. *Kellogg,* 94 U. S. 469 [24 L. Ed. 256]; *Griggs* v. *Fleckenstein,* 14 Minn. 81; *Maddox* v. *Cunningham,* 68 Ga. 431 [45 Am. Rep. 500]; *Pastene* v. *Adams,* 49 Cal. 87; *Carterville (Vil.)* v. *Cook,* 129 Ill. 152 [22 N. E. Rep. 14; 4 L. R. A. 721; 16 Am. St. Rep. 248]; *Henry* v. *Dennis,* 93 Ind. 452; *Barrett* v. *Railway,* 45 N. Y. 628; *Ring* v. *Cohoes (City),* 77 N. Y. 83 [33 Am. Rep. 574]; *Kunz* v. *Troy (City),* 104 N. Y. 344 [10 N. E. Rep. 442; 58 Am. Rep. 508]; *Phillips* v. *Railway,* 127 N. Y. 657 [27 N. E. Rep. 978]; *Emporia (City)* v. *Schmidling,* 33 Kan. 485 [6 Pac. Rep. 893]; *Chacey* v. *Fargo (City),* 5 N. Dak. 173 [64 N. W. Rep. 932]; *Binford* v. *Johnston,* 82 Ind. 426 [42 Am. Rep. 508].

Harry W. Lloyd and King, Tracy, Chapman & Welles, for defendant in error:

Cited and commented upon the following authorities: *Cleveland, P. & E. Ry.* v. *Nixon,* 12 Circ. Dec. 79 (21 R. 736), affirmed. *Nixon* v. *Railway,* 68 Ohio St. 651; *Kohler Brick Co.* v. *Gas. Co.* 5 Circ. Dec. 379 (11 R. 379); *Rowe* v. *Such,* 134 Cal. 573 [66 Pac. Rep. 862; 67 Pac. Rep. 760]; *Austin & N. W. Ry.* v. *Flannagan,* 40 S. W. Rep. 1043 (Tex. Civ. App.); *Chicago, B. & Q. Ry.* v. *Magee,* 60 Ill. 529; 3 Bates, Plead. & Prac. p. 2278; *Crawford* v. *Railway,* 12 Dec. 17; Thompson,

Negligence Sec. 7457, p. 498; Sec. 7471, p. 512; *Wabash Ry.* v. *Billings,* 212 Ill. 37 [72 N. E. Rep. 2], reversed, *Wabash Ry.* v. *Billings,* 105 Ill.. App. 111; *Bond* v. *Railway,* 110 Mo. App. 131 [84 S. W. Rep. 124];. *Moyer* v. *Stone* Co. 119 Ga. 734 [46 S. E. Rep. 844]; *Richey* v. *Railway,* 69 S. C. 387 [48 S. E. Rep. 285]; *Nord* v. *Mining Co.* 30 Mont. 48 [75 Pac. Rep. 681]; *Luce* v. *Hassam,* 76 Vt. 450 [58 Atl. Rep. 725]; Thompson, Negligence Sec. 7471, p. 994; *Shrum* v. *Railway,* 10 Dec. 244 (8 N. P. 26); *Baltimore & O. Ry.* v. *Lockwood,* 72 Ohio St. 586 [74 N. E. Rep. 1071]; *Drown* v. *Traction Co.* 76 Ohio St. 234 [81 N. E. Rep. 326; 10 L. R. A. (N. S.) 421; 118 Am. St. Rep. 844]; 29 Cyc. 492, 493,. 494, 495, 496, 499, 500; *Stephenson* v. *Corder,* 71 Kan. 475 [80 Pac. Rep. 938; 69 L. R. A. 246]; *Griffin* v. *Light & Power Co.* 128 Mich. 653 [87 N. W. Rep. 888; 55 L. R. A. 318; 92 Am. St. Rep. 496]; *Cole* v. *Savings & Loan Soc.* 124 Fed. Rep. 113 [59 C. C. A. 113; 63 L. R. A. 416];. *Kreigh* v. *Westinghouse, C. K. & Co.* 152 Fed. Rep. 120 [11 L. R. A.. (N. S.) 684]; *Edgar* v. *Railway,* 32 Utah 330 [90 Pac. Rep. 745; 11 L. R. A. (N. S.) 738; 125 Am. St. Rep. 867]; *Glassey* v. *Railway,* 185 Mass. 315 [70 N. E. Rep. 199]; *McDonald* v. *Snelling,* 96 Mass. (14 Allen) 290 [92 Am. Dec. 768]; *Hobbs.* v. *Railway,* L. R. 10 Q. B. 111;. *Stone* v. *Railway,* 171 Mass. 536 [51 N. E. Rep. 1; 41 L. R. A. 794]; *Lake Shore & M. S. Ry.* v. *Liidtke,* 69 Ohio St. 384 [69 N. E. Rep. 653]; *Minnear* v. *Holloway,* 56 Ohio St. 148 [46 N. E. Rep. 636]; *Rhoads* v. *Traction Co.* 11 Dec. 597 (8 N. P. 638); *Infant* v. *Huffman,* 12 Dec.. 245.

## WILDMAN, J.

This is a proceeding to reverse the judgment of the court below in which Hattie Krause, now plaintiff in error, sued the defendant. company upon a claim for damages for personal injury. She claims. that the defendant company was negligent in leaving a trolley pole which came from one of its cars upon a grass plot near a sidewalk upon one of the streets of the city. The evidence discloses, or tends. to disclose at least, that the pole was lying there for some time, and children in playing with it took it out of the street into field, from which it was subsequently brought back, and finally, as testified to by one lady, a man driving an automobile struck it as it was projecting into the street, and then himself took it and threw it partly upon the sidewalk. Subsequently this lady, walking along the sidewalk. stumbled and fell over it, and received the injuries which make the basis of her claim against the company.

Krause v. Railway.

We are unanimously of the opinion that the court below properly arrested the case from the jury at the close of the plaintiff's evidence. There is no claim of error in the case relied upon, except that the court erred in this one respect. It is insisted that the evidence was such as to justify its submission to the jury as an issue of fact, and that the court usurped the province of the jury in directing a verdict. We think it bears little analogy to the case of *Harriman* v. *Railway,* 45 Ohio St. 11 [12 N. E. Rep. 451; 4 Am. St. Rep. 507], where so dangerous a thing as a torpedo was left where children might play with it or others interfere with it, and where there was a certain element of danger which might be anticipated by the person leaving a thing of that kind to be meddled with and cause mischief. There is nothing peculiar about a trolley pole any more than the branch of a tree or anything which may fall upon a grass plot near a sidewalk which should induce the belief on the part of one leaving it in such a position that it may subsequently be thrown upon the sidewalk, and that persons traveling along the sidewalk may receive injuries therefrom. The court below, we are informed, arrested the case from the jury upon the ground that there was an intervening cause, the act of the children in removing the pole from the grass plot and carrying it into the adjacent field, and that the company after that would be relieved from responsibility in any event. We are inclined to think that the court was right in that view of it. It makes no difference whether it is carried into an adjacent field or carried into China and brought back again. The remoteness of the place to which it is carried by some intelligent agency is not of the slightest consequence. The principle is the same and is not affected by the extent of the distance which it travels. The other act to which I have already referred as testified to by one witness, the act of the chauffeur of the automobile in placing it upon the sidewalk, recklessly and carelessly perhaps, is still another efficient intervening cause, the intervening act of an intelligent agency which could hardly be anticipated by the company when it left the pole in its first place. The trial judge properly instructed the jury, and the judgment of the court below is affirmed. We have examined the authorities cited by counsel for plaintiff in error and while some of them may have some tendency to sustain his contention, we think that they hardly bear it out in its fullness, and we think that they should not be relied upon.

**Parker** and **Kinkade, JJ.,** concur.